# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MATTHEW WAYNE HAYES,**

    Plaintiff,

v.                                                                               **Case No. 8:22-cv-1897-AAS**

**KILOLO KIJAKAZI, Acting Commissioner,**
**Social Security Administration,**

    Defendant.
_____/

## ORDER

Matthew Wayne Hayes requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act, 42 U.S.C. Section 405(g). After reviewing the record, including the transcript of the proceedings before the Administrative Law Judge (ALJ), the administrative record, the pleadings, and the memoranda submitted by the parties, the Commissioner's decision is **AFFIRMED**.

**I.    PROCEDURAL HISTORY**

Mr. Hayes applied for DIB and SSI on April 30, 2020 and alleged disability beginning on January 20, 2020. (Tr. 76–86, 89–100). Disability examiners denied Mr. Hayes's applications initially and after reconsideration.

1

(Tr. 85, 99). At Mr. Hayes's request, the ALJ held a hearing on November 30, 2021. (Tr. 53–74). The ALJ issued an unfavorable decision to Mr. Hayes on December 13, 2021. (Tr. 34–52).

On June 22, 2022, the Appeals Council denied Mr. Hayes's request for review, making the ALJ's decision final. (Tr. 16–22). Mr. Hayes requests judicial review of the Commissioner's final decision. (Doc. 1).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Mr. Hayes was fifty years old on his alleged onset date of January 20, 2020 and on the date he applied for DIB and SSI on April 30, 2020. (Tr. 76, 89). Mr. Hayes has a GED and past relevant work as a furniture supervisor and security officer. (Tr. 314).

### B. Summary of the Decision

The ALJ must follow five steps when evaluating a claim for disability.[1] 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] he is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, if a claimant has no impairment or combination of

---

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. §§ 404.1572, 416.972.

2

impairments that significantly limit his physical or mental ability to perform basic work activities, he has no severe impairment and is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, he is not disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC).[3] *Id.* Fifth, if a claimant's impairments (considering his RFC, age, education, and past work) do not prevent him from performing work that exists in the national economy, he is not disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g).

The ALJ determined Mr. Hayes had not engaged in substantial gainful activity since January 20, 2020, his alleged onset date of disability. (Tr. 40). The ALJ found Mr. Hayes has these severe impairments: degenerative disc disease; degenerative joint disease; chronic obstructive pulmonary disease (COPD); migraine headaches; essential hypertension; obesity;

---

[3] A claimant's RFC is the level of physical and mental work he can consistently perform despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

3

hypercholesterolemia; and peripheral artery disease. (*Id.*). However, the ALJ concluded Mr. Hayes's impairments or combination of impairments fail to meet or medically equal the severity of an impairment in the Listings. (Tr. 42).

The ALJ found Mr. Hayes had an RFC to perform light work[4] except:

> [Mr. Hayes] can lift and carry 20 pounds occasionally and 10 pounds frequently; able to stand/walk for six hours of an eight hour workday; able to sit for six hours of an eight-hour workday; no climbing of ladders, ropes, or scaffolds; able to occasional climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; able to frequently handle, finger, and feel; must avoid exposure to vibrations, temperature extremes, pulmonary irritants, loud noises, and hazardous machinery and heights.

(*Id.*).

Based on these findings and the testimony of a vocational expert (VE), the ALJ determined Mr. Hayes could perform his past relevant work as a security guard and sales clerk. (Tr. 46). As a result, the ALJ found Mr. Hayes was not disabled from January 20, 2020, through the date of the ALJ's decision, December 13, 2021. (Tr. 48).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(6), 416.967(6).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

5

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

## B.   Issues on Appeal

Mr. Hayes raises two issues on appeal. Mr. Hayes first argues the ALJ's finding of light work is not supported by substantial evidence. (Doc 18, p. 8). Mr. Hayes next argues the ALJ did not properly consider several factors from Amy Griswold, M.D.'s medical opinions that "supported a more limited RFC than the ALJ found." (*Id.* at 11).

### 1. Whether the ALJ's Findings were Supported by Substantial Evidence

Mr. Hayes argues the ALJ's conclusions on the intensity, persistence, and limiting effects of Mr. Hayes's ability to stand and walk were not supported by substantial evidence. (Doc. 18, pp. 3–7).

The ALJ concluded Mr. Hayes maintained the residual function capacity to stand and walk for six hours of an eight-hour workday. (Tr. 42). In making this finding, the ALJ concluded "the medical record does not align with most of [Mr. Hayes's] allegations" that his ability to stand and walk is more limited. (Tr. 43). The ALJ cited to August 4, 2020 X-ray studies of Mr. Hayes' ankles, spine, right knee, and left hip, that revealed only "moderate" or "unremarkable" impairments. (*Id.*) (*citing* (Tr. 361–367, 427–431)). The ALJ further referenced an August 20, 2020 physical consultative examination by

6

Amy Griswold, M.D., who also noted mild and "slightly reduced range-of-motion in the lumbar spine, right shoulder, and right knee." (Tr. 44) (*citing* (Tr. 372)). The ALJ concluded these findings "do[] not align with an unrestricted exertional capacity, nor align with a less than sedentary residual functional capacity." (Tr. 44).

Mr. Hayes argues this conclusion is not supported by substantial evidence. (Doc. 18, p. 7). Mr. Hayes argues medical reports from Arthur Portnow, M.D., indicate Mr. Hayes's impairments due to his back and neck pain are more severe than the ALJ concluded and warrant more strict limitations on Mr. Hayes's ability to stand and walk. (*Id.* at 7–9).

However, the ALJ explicitly considered Dr. Portnow's findings in the ALJ's opinion and concluded they support a less limited RFC. The ALJ's opinion references Dr. Portnow's September 17, 2020[5] observation that Mr. Hayes had an "ataxic gait with some back spasms and peripheral neuropathy noted" and compared it to Dr. Portnow's more recent November 19, 2021 observation that Mr. Hayes's gait and stance were "normal." (Tr. 44, 421, 469).

Elsewhere in his motion, Mr. Hayes repeatedly argues the ALJ did not consider all of Dr. Griswold's report because the ALJ did not "specifically mention" certain aspects of Dr. Griswold's report. (Doc. 18, p. 16). However,

---

[5] The ALJ in his opinion mistakenly refers to a different April 26, 2021 medical report by Dr. Portnow for this proposition. (Tr. 44).

7

the ALJ "is not required to discuss every piece of record evidence." *Oliver v. Colvin*, Case No. 8:13-cv-2614-TBM, 2015 WL 10791904, at *6 (M.D. Fla. Mar. 23, 2015) (*citing McCruter v. Bowen*, 791 F.2d 1544, 1548 (11th Cir. 1986). The ALJ's opinion reflects the fact that the ALJ considered Dr. Griswold's findings and concluded those findings support the ALJ's conclusion that Mr. Hayes is capable of performing light work. (Tr. 46).

Mr. Hayes's argument in effect asks the court to reweigh the medical evidence in his favor, something this court cannot do. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (citations omitted). The ALJ considered the relevant medical evidence and concluded Mr. Hayes could stand and walk for six hours in an eight-hour workday. (Tr. 42). Substantial evidence supports the ALJ's conclusions on Mr. Hayes's ability to stand and walk.

## 2. Whether the ALJ properly considered the medical opinions of Dr. Griswold

Mr. Hayes claims the ALJ improperly considered Dr. Griswold's medical opinions. (Doc 18, pp. 10). Mr. Hayes argues this improper consideration led the ALJ to mistakenly conclude Mr. Hayes suffers from less limited issues with breathing and leg pain. (*Id.* at 11–17).

Mr. Hayes filed his application for benefits on April 30, 2020. (Tr. 37, 285–87). For applications for benefits filed after March 27, 2017, Social Security regulations specify five categories of evidence: (1) objective medical

8

evidence; (2) medical opinions; (3) other medical evidence; (4) evidence from nonmedical sources; and (5) prior administrative findings. 20 C.F.R. §§ 404.1513(a), 416.913(a), 416.913(a). A "medical opinion" in this context "is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in a range of physical and mental abilities. 20 C.F.R. § 404.1513(2).

Under these regulations, statements by a medical source reflecting judgments about a claimant's diagnosis fall within the category of other medical evidence, a separate evidence category from medical opinions. 20 C.F.R. §§ 404.1513(a)(2), (3), 416.913(a)(2), (3). While the ALJ must evaluate the persuasiveness of medical opinions or prior administrative findings, the ALJ "will not defer or give any specific evidentiary weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's own] medical sources" and has no duty to evaluate the persuasiveness of evidence not within the category of medical opinions or prior administrative findings. 20 C.F.R. §§ 404.1520c(a), 416.920c(a), 505.1520c.

A review of Dr. Griswold's report shows Dr. Griswold merely described Mr. Hayes' objective examination results and diagnosed Mr. Hayes with a range of mental and physical impairments. (Tr. 371–77). The ALJ in his opinion highlighted Dr. Griswold's conclusions that Mr. Hayes "could ambulate

9

with a normal gait and without an assistive device" despite a "slightly reduced range-of-motion in the lumbar spine, right shoulder, and right knee. (Tr. 44, 373). The ALJ further noted Dr. Griswold's observation that Mr. Hayes exhibited "decreased breath sounds and a heart murmur." (Tr. 44, 373). The ALJ concluded this evidence did not "align with an unrestricted exertional capacity, nor align with a less than sedentary residual functional capacity,." (Tr. 44). Thus, the ALJ concluded Mr. Hayes should be "limited to the lifting, carrying, sitting, standing, and walking demands commensurate with level work." (*Id.*).

Though Dr. Griswold diagnosed Mr. Hayes's impairments, Dr. Griswold proffered no opinions on what residual capacity Mr. Hayes maintained despite his impairments. This medical evidence cited by the ALJ from Dr. Griswold's report thus sits outside the Social Security Administration's definition of a medical opinion and instead falls under the category of "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2), 416.912(a)(2). Because Dr. Griswold's report is not a medical opinion under Section 404.1543(a)(2) and 416.943(a)(2), the ALJ was not required to include in his opinion more information on the supportability and consistency of Dr. Griswold's report with the rest of the medical record in this case.

Mr. Hayes argues in response that the ALJ referred to Dr. Griswold's report as "persuasive" and claims this is an allusion to the ALJ's duty to

evaluate the persuasiveness of medical opinions. *See* (Doc. 18, p. 10–11) (noting the ALJ referred to opinions from two consultative examiners who reviewed Mr. Hayes's application as "unpersuasive" while referring to Dr. Griswold's report as "persuasive"); (Doc. 20, p. 3) ("[The Commissioner] next argues the ALJ was not required to evaluate the opinion of Dr. Griswold, claiming that Dr. Griswold's findings would not be considered a 'medical opinion' under the regulations . . . [h]owever, the ALJ stated he found Dr. Griswold's [sic] findings 'persuasive,' indicating that he did consider his findings a medical opinion.").

However, a closer review of the ALJ's opinion shows the ALJ specifically characterized the medical evidence provided by consultative examiners David Guttman, M.D., and Philip Matar, M.D., as "opinions," in contrast with the "[o]bservations and findings contained in the consultative examination report of Dr. Amy Griswold." (Tr. 45). Thus, the ALJ appears to have delineated which medical evidence the ALJ considered as medical opinions and which medical evidence the ALJ evaluated as other medical evidence.

Because Dr. Griswold's report is not a medical opinion under 20 C.F.R §§ 401.1513(a)(3) and 416.513(a)(2), the ALJ was not required to detail in his opinion the supportability and consistency of Dr. Griswold's findings with the rest of the medical evidence in his opinion. *Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018).

## IV. CONCLUSION

For the reasons stated, the Commissioner's decision is **AFFIRMED**, and the Clerk is directed to enter judgment in favor of the Commissioner.

**ORDERED** in Tampa, Florida on July 26, 2023.

_Amanda Arnold Sansone_
AMANDA ARNOLD SANSONE
United States Magistrate Judge